UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

In re:

MARK A. CIANO,   CASE NO.: 10-30571-LMK
                 CHAPTER: 7

    Debtor.
_____/

### ORDER DENYING SYNOVUS BANK'S MOTION TO LIMIT OR DENY DEBTOR'S CLAIM OF EXEMPTION

THIS MATTER was heard on the Motion to Limit or Deny Debtor's Claim of Exemption filed by creditor Synovus Bank with respect to the debtor's interest in an inter vivos trust of which he is a beneficiary. Although this motion is couched in terms of an objection to exemption, it actually seeks a determination that the trust assets are property of this bankruptcy estate.[1] Having heard the arguments of counsel and considered the memoranda of law submitted by both sides, I find that the debtor's interest in the trust and its assets are not property of this bankruptcy estate.

### FACTS

The facts in this matter are not in dispute. On or about June 19, 2000, the debtor's father Anthony J. Ciano, established, as the grantor, the Anthony J. Ciano Irrevocable Lifetime Family Trust Agreement ("Trust"). The debtor and his two siblings from his father's first marriage were named as the beneficiaries and Natalie Ciano, the grantor's wife was named as the trustee. Prior to the establishment of the Trust, Anthony J. Ciano was the owner and insured under two life insurance policies. Upon creation of the Trust, Anthony J. Ciano transferred ownership of the

---

[1] Because the bankruptcy forms do not provide a means for indicating that property interests of the debtor are excluded from the estate, as opposed to exempt from the estate, the debtor listed the asset as exempt in Schedule C to indicate that it should not be liquidated by the trustee.

1

policies to the Trust and designated the Trust as the beneficiary of both policies. The trust contained the following provision at paragraph 2(E):

> E. <u>Spendthrift.</u> A beneficiary's interest in this Trust may not be pledged, assigned, sold, transferred, alienated, encumbered or anticipated by such beneficiary in any way, nor shall any such interest in any manner be liable for or subject to the debts, liabilities or obligations of such beneficiary or claims of any sort, including those claims of my beneficiary's spouse against such beneficiary.

Upon the grantor's death, the three beneficiaries were to be entitled to immediate distribution of their respective shares.

The debtor filed the instant Chapter 7 case on March 24, 2010. On May 7, 2010, some forty-four (44) days later, Anthony J. Ciano died. Upon receipt of the death benefits under the two insurance policies by the Trust, each of the three beneficiaries became entitled to distribution in the amount of approximately 1 million dollars. This objection was filed in an effort to bring those proceeds into this estate.

## DISCUSSION

Section 541 of the Bankruptcy Code sets forth the property that comprises the bankruptcy estate. The estate broadly encompasses all legal or equitable interest of the debtor in property, wherever located and by whomever held, as of the date of the commencement of the case. §541(a)(1). The Estate also includes certain interests the debtor acquires or becomes entitled to acquire within 180 days after the date of the commencement of the case under §541(a)(5). The estate does not include the interest of a debtor as the beneficiary of a spendthrift trust, enforceable under applicable nonbankruptcy law, by operation of §541(a)(1) and (c)(2) which provide that the bankruptcy estate is comprised of:

> …all of the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, …
> …
> (c)(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

2

Case 10-30571-LMK   Doc 76   Filed 08/06/10   Page 3 of 8

11 U.S.C. §541(a)(1) and (c)(2).

Synovus Bank alleges that the debtor's interest in the trust was property of the estate on the date of the petition, because the spendthrift provision was not valid under Florida law as to all or part of the trust. The Florida Trust Code ("Trust Code"), Chapter 736, Florida Statutes (2009), which became effective on July 1, 2007, provides a definition for a "spendthrift provision" in section 736.0103(17) and a standard for the validity of a "spendthrift provision" in a trust in section 736.0502(1). The Trust Code provides that a spendthrift provision is "valid only if the provision restrains both voluntary and involuntary transfer of a beneficiary's interest." *Id*. The Trust Code's spendthrift provisions, however, explicitly do not apply "to any trust the terms of which are included in an instrument executed before the effective date of this code." *Id*. Since the Trust instrument was executed in the year 2000, I must look to pre-Trust Code law to determine the validity of the spendthrift provision. Whereas the Trust Code now more strictly requires that a spendthrift provision prohibit *both* the voluntary and involuntary alienation of a beneficiary's interest, pre-Trust Code law required only that the spendthrift provision restrict the voluntary *or* involuntary alienation of a beneficiaries interest, together the debtor's lack of exercise of complete dominion or control over the trust property. As noted by the Eleventh Circuit in *In re Lichstrahl*, 750 F.2d 1488 (11th Cir. 1985), the Florida Supreme Court outlined the standards for pre-Trust Code spendthrift trusts in *Croom v. Ocala Plumbing & Elctrict Co.*, 62 Fla. 460, 465 (1911) and *Waterbury v. Munn*, 159 Fla. 754 (1947):

> Florida law recognizes and enforces as spendthrift trusts those trusts: that are created with a view of providing a fund for the maintenance of another, and at the same time securing it against his own improvidence or incapacity for self-protection. The provision against alienation of the trust fund by the voluntary act of the beneficiary, or invitum by his creditors, are the usual incidents of such trusts. *Croom v. Ocala Plumbing & Electric Co.*, 62 Fla. 460, 465 (1911); see also *Waterbury v. Munn*, 159 Fla. 754 (1947). Because the purpose of a spendthrift trust is to protect the beneficiary from himself and his creditors, such a

3

> trust fails where the beneficiary exercises "absolute dominion" over the property of the trust. See *Croom*, 62 Fla. At 466.

*In re Lichstrahl*, 750 F.2d 1488, 1490 (11th Cir. 1985) (superceded by statute and abrogated by later opinion).

In the Trust before the Court, the spendthrift provision in paragraph 2(E) provides that the beneficiary's interest could not be "pledged, assigned, sold, transferred, alienated, encumbered or anticipated… in any way" and that the beneficiary's interest shall not in any manner be "liable for or subject to the debts, liabilities, or obligations of such beneficiary or claims of any sort...." By providing that the beneficiary's interest could not in any way be "pledged, assigned, sold, transferred, alienated, encumbered, or anticipated," the trust instrument prohibits the debtor from being able to alienate his interest in the trust by voluntary act. By providing that the interest shall not be subject to the "debts, liabilities, or obligations of such beneficiary or claims of any sort," the trust instrument prohibits alienation of the debtor's interest by involuntary act, or invitum by his creditors. On the date of the petition, the debtor was one of three beneficiaries of the trust which was the beneficiary of two life insurance policies. The debtor did not exercise absolute dominion or control over any of the assets of the trust, and at the time of the petition was prevented from reaching any of the trust assets. Accordingly, the spendthrift provision is valid under Florida law, and the trust and its corpus did not become property of the estate on the date of the petition by operation of §541(c)(2).

Because I have found that the trust and its corpus did not become property of the estate on the petition date, the next question is whether the trust became property of the estate via the expansions to estate property identified in §541(a)(5). Under §541(a)(5), the estate is deemed to include:

> Any interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition,

4

>and that the debtor acquires or becomes entitled to acquire within 180 days after such date ---
>    (A) by bequest, devise, or inheritance;
>    (B) as a result of a property settlement agreement with the debtor's spouse, or of an interlocutory or final divorce decree; or
>    (C) as a beneficiary of a life insurance policy or of a death benefit plan.

11 U.S.C. §541(a)(5). Synovus bank argues that the debtor's entitlement to receive a share of the funds from the trust within 180 days that the trust received as beneficiary of the life insurance policy, constitutes either a bequest, devise, or inheritance under §541(a)(5)(A), or receipt of funds as a beneficiary of a life insurance policy under §541(a)(5)(C). To buttress its argument, Synovus cites to *U.S. v. Whiting Pools, Inc.*, 462 U.S. 198 (1983), where the Supreme Court emphasized the broad nature of the definition of property of the estate in the Bankruptcy Code.

While I recognize the expansive nature of the bankruptcy estate, the plain language of §541(a)(5)(A) does not encompass the debtor's interest as one of three beneficiaries of a trust that is the sole beneficiary of two separate life insurance policies. To begin, §541(a)(5)(A) would require that the debtor's interest in the trust passed to him by "bequest, devise, or inheritance." The Bankruptcy Code does not define the terms "bequest," "devise," or "inheritance." Because property rights are determined by state law, *Butner v. United States*, 440 U.S. 48 (1979), I look to Florida law to determine the meaning of those terms. The Florida Probate Code, Chapter 732 Fla. Stats. (2010), defines "devise" and "bequest" when used as a noun, as "a testamentary disposition of real or personal property and, when used as a verb, means to dispose of real or personal property by will or trust." §731.201(10), Fla. Stat. (2010). The term "inheritance" is not a defined term in the Florida Probate Code, but is defined by Merriam-Webster's Dictionary as the "act of inheriting property." "inheritance." Merriam-Webster. 2010. "Inherit" is defined as a verb to mean, "to receive from an ancestor as a right or title descendible by law at the ancestor's death or to receive as a devise or legacy." "inherit" Merriam-Webster. 2010.

5

The case of *In re Roth*, 289 B.R. 161 (Bankr. D. Kan. 2003) faced a similar fact pattern to the one before the Court today. In that case the court turned to the Social Security Act for the definition of "inheritance." *In re Roth*, 289 B.R. at 166. According to that definition, "[a]n inheritance is cash, a right, or non-cash items received as the result of someone's death." *Id.* The debtor's parents in Roth had set up a revocable inter vivos spendthrift trust. After the mother died, the debtor filed for bankruptcy under Chapter 7, and within 180 days the debtor's father died. The trustee sought to bring the money from the trust into the bankruptcy estate under §541(a)(5)(A). The court determined that the debtor did not receive his interest in the trust, as a matter of law, "as a result of someone's death." The debtor's interest in the trust was acquired by way of an inter vivos gift from his father. *Id.* In ruling, the court noted that it's decision was consistent with the majority of courts that have addressed the issue of whether an interest in an inter vivos trust is within the reach of §541(a)(5)(A). Specifically, the court noted that its ruling was consistent with the following cases:

> In re Schmitt, 215 B.R. 417, 422, n. 2 (9th Cir. BAP 1997) (holding that inter vivos trusts are not considered interest obtained by "bequest, devise or inheritance");Matter of Newman, 903 F.2d 1150, 1154 (7th Cir.1990) (holding that payments made to a debtor from inter vivos trusts within 180 days of filing the petition are not interests by way of "bequest, devise, or inheritance" and are not part of the bankruptcy estate); In re Schauer, 246 B.R. 384 (Bankr.D.N.D.2000) (holding that "distributions from an inter vivos trust do not qualify as bequests, and § 541(a)(5)(A) does not operate to bring such distributions into the bankruptcy estate."); In re Crandall, 173 B.R. 836 (Bankr.D.Conn.1994) (holding that the Court is constrained to give a narrow construction to the words "bequest, devise and inheritance" and to conclude such words do not encompass revocable inter vivos trusts); In re Shurley, 171 B.R. 769, 786 (Bankr.W.D.Tex.1994), rev'd on other grounds 115 F.3d 333 (5th Cir.1997), (holding that "[i]nter vivos trust distributions are not considered interest obtained 'by bequest, devise, or inheritance.' "). Cf. Klebanoff v. Mutual Life Ins. Co., 362 F.2d 975 (2nd Cir.1966)(applying old Bankruptcy Act § 70(a), in holding that insurance proceeds were not included in the statutory language as an asset that could be brought back into the estate within six months of the petition date).

6

*In re Roth*, 289 B.R. at 167. In addition to these cases, the ruling in *Roth* appears to be consistent with *In re Neuton*, 922 F.2d 1379, 1384 (9th Cir. 1990) (holding that inter vivos trusts are unaffected by §541(a)(5)(A)); *In re Spencer*, 306 B.R. 328, 336 (Bankr. C.D. Cal. 2004) ("Court must also conclude that section 541(a)(5)(A) does not operate to include interests in property transferred to a debtor by way of inter vivos trust."); and *In re Coumbe*, 304 B.R. 378, 385 (9th Cir. BAP 2003) (Income from an inter vivos spendthrift trust was not property of the estate because it did not qualify as a "bequest, devise, or inheritance.").

The Trust before the Court today was an irrevocable lifetime family trust agreement that the debtor acquired an interest in as an inter vivos gift prior to the death of the grantor, and not as a result of the grantor's death. The trust was not in the nature of a testamentary trust, and like the debtor in Roth, the debtor in the case before me today did not obtain his interest in the trust by way of a bequest, devise, or inheritance.

The final way the corpus could be brought into the estate is by §541(a)(5)(C), "as a beneficiary of a life insurance policy or of a death benefit plan." The record is clear that the trust itself was the sole named beneficiary of two life insurance policies. The debtor is one of three beneficiaries of the trust, and he is entitled to now receive one third of the corpus of the trust. Synovus urges me to determine that the debtor is the beneficiary of the life insurance policy by taking into account the broad scope of property of the estate discussed in *U.S. v. Whiting Pools* and the meaning of the term "beneficiary" at the time the bankruptcy code was enacted. Synovus cites no cases which have accorded such a broad definition of "beneficiary" and I have been unable to find any cases that do so. It is clear that the trust is the beneficiary of the life insurance proceeds, and that the debtor is one of three beneficiaries of the trust. To rule that the debtor were a beneficiary of the life insurance policy, would disregard the plain language of §541(a)(5)(C), and effectively broaden the section to include beneficiaries of beneficiaries of life

7

insurance policies. Had Congress intended the section to include beneficiaries of beneficiaries, they could have explicitly done so, as they did in §541(a)(5)(B) when including "interlocutory or final divorce decrees" along with the term "property settlements." For all of the foregoing reasons, it is hereby

ORDERED and ADJUDGED that the Motion of Synovus Bank to Limit or Deny Debtor's Claim of Exemption is DENIED.

DONE and ORDERED in Tallahassee, Florida this  6th  day of August, 2010.

_____
LEWIS M. KILLIAN, JR.
United States Bankruptcy Judge

cc: all parties in interest